IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
M~~ONTGOMER~~Y DIVISION
Southern

| | |
|---|---|
| Deborah McLean and Eric McLean, individually and on behalf of all similarly situated persons, § § § § | |
| Plaintiffs, § | Civil Case No.: 1:11-cv-1047 |
| vs. § § | |
| Aaron's, Inc.; HPH Investments, LLC d/b/a Aaron's Sales and Leasing; John Does 1-100 Aaron's Franchisees; and DesignerWare, LLC, § § § § § | JURY TRIAL DEMANDED |
| Defendants. § § | |

## CLASS ACTION COMPLAINT

Plaintiffs Deborah McLean and Eric McLean, individually and on behalf of all similarly situated persons, by and through their undersigned attorneys allege the following upon information and belief (except for those allegations pertaining to Plaintiffs, which are based on personal knowledge) after due investigation by undersigned counsel.

### NATURE OF THE ACTION

1.  Plaintiffs Deborah and Eric McLean, bring this action on their own behalf and as a Class Action for the benefit of a class consisting of all customers of Aaron's, Inc. ("Aaron's") and its franchisees including HPH Investments, Inc. ("HPH") and other John Doe franchisees (collectively hereafter referred to as the "Aaron's Defendants") who reside in the United States, who have purchased, leased, rented or rented to own ("RTO"), Aaron's computers and people who used said computers whose electronic communications and/or images were intercepted, accessed, monitored

1

and/or transmitted by a spying device or software without the customer's authorization (including software called "PC Rental Agent®" manufactured by codefendant DesignerWare, LLC, ("DesignerWare") wherever they may reside in the United States of America.

2. Plaintiffs and the Class seek injunctive relief and damages caused by Defendants' unlawful interception of electronic communications and images in violation of the Federal Wiretap Act as amended by the Electronic Communications Privacy Act (hereinafter referred to as the "Wiretap Act" or the "Electronic Communications Privacy Act"), and the Computer Fraud Abuse Act. ("CFAA").

3. Unbeknownst to Plaintiffs and the members of the Class, and without their authorization, Defendants have been spying on the activities of Plaintiffs and Class members through the use of the PC Rental Agent® device and/or similar Software and/or devices which were designed to, and in fact did, access, intercept, transmit, use and/or disclose electronic communications. These spying devices and/or spying software were installed and enabled surreptitiously without the consent of Plaintiffs or Class members.

## THE PARTIES, JURISDICTION AND VENUE

4. Plaintiffs and the Class bring this action pursuant to §§ 2511, 2512 and 2520 of title 18 of the United States Code also known as the Electronic Communication Privacy Act ("ECPA") or Wiretap Act; and § 1030 of the Computer Fraud and Abuse Act ("CFAA").

5. This Court has original jurisdiction of Plaintiffs' and the Class' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1337.

6. Plaintiff Deborah McLean is a resident of New Brockton, Coffee County, Alabama, and was a customer of Aaron's and/or HPH, by virtue of her rental and

2

purchase of two laptop computers from the Aaron's store located at 1112 Boll Weevil Circle, Enterprise, Alabama.

7. Plaintiff Eric McLean is a resident of New Brockton, Coffee County, Alabama, and was an authorized user of an Aaron's and/or HPH computer.

8. Defendant DesignerWare, LLC, is a Pennsylvania limited liability corporation, with a principal place of business in North East, Pennsylvania. DesignerWare, LLC designed, manufactured, assembled, possessed, marketed, advertised and sold to the Aaron's Defendants the devices and/ or software (including PC Rental Agent®) which permitted the illegal and wrongful activity further described herein.

9. Defendant Aaron's is a Georgia corporation, with a principal place of business in Atlanta, Georgia, and has retail store locations through America, including Pennsylvania, and other states and territories of the United States. During the time relevant to this Complaint, Aaron's purchased, installed and/or used PC Rental Agent® and installed it on computers it offered for rent or sale without authorization from its customers. Through the use of PC Rental Agent® and technical support offered by DesignerWare in Pennsylvania, Aaron's purposely availed itself to the jurisdiction of the state of Pennsylvania.

10. Defendant HPH Investments, Inc., d/b/a Aaron's Sales and Leasing is a franchisee of Aaron's, Inc., and is an Alabama business which has retail stores in Alabama and other states. During the time relevant to this Complaint, HPH purchased, installed and/or used PC Rental Agent® and installed it on computers it offered for rent or sale without authorization from its customers. Through the use of PC Rental Agent® and technical support offered by DesignerWare in Pennsylvania, Aspen Way

3

purposely availed itself to the jurisdiction of the state of Alabama.

11. The John Does Defendants are Aaron's franchisees who have purchased PC Rental Agent® and installed it on their computers for rent or purchase without authorization from their customers. Through the use of PC Rental Agent® and technical support offered by DesignerWare in Pennsylvania, the John Does purposely availed themselves to the jurisdiction of the state of Alabama.

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c) as HPH has its principal place of business is located in Dothan, Alabama. Moreover, upon information and belief, DesignerWare receives, manages, stores, intercepts, discloses and transmits communications intercepted by PC Rental Agent® and/or Software for the Aaron's Defendants in this district.

13. Venue is proper in this district because the Aaron's Defendants received, managed, accessed, intercepted and transmitted communications collected in this district through the use of the PC Rental Agent® device and/or software intentionally installed on their rental computers throughout the country (including the computer rented, owned and used by class Plaintiffs Deborah and Eric McLean).

14. In connection with the acts and conduct complained of below, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the internet, or made such use possible.

## CLASS ACTION ALLEGATIONS

15. Plaintiffs Deborah and Eric McLean bring this action on behalf of themselves and a Class of all other persons similarly situated pursuant to Fed. R. Civ. P. 23 as defined as follows:

All customers of the Aaron's Defendants who reside in the United States, who

4

have purchased, leased, rented or rented to own, Aaron's computers and people who used said computers whose electronic communications and/or images were intercepted, accessed, monitored and/or transmitted by Defendants via PC Rental Agent® or other devices or software without the customer's authorization.

16. Specifically excluded from the Class are the Defendants themselves, any subsidiary of any of the Defendants, any family members of the Defendants who are such customers, all employees and directors of Defendants or any subsidiary, and their legal representatives.

17. The Class is so numerous that joinder of all members is impracticable. The Customers of the Aaron's Defendants who have similarly purchased, leased, rented or rented to own ("RTO") such computers are estimated to be greater than fifty thousand individuals and entities.

18. Plaintiffs' claims are typical of the Class, as Plaintiffs and all other Class members were injured in exactly the same way - by the unauthorized collection, interception and/or transmission of electronic communications through PC Rental Agent® (or similar devices or software) installed on their Aaron's RTO computer.

19. Plaintiffs will fairly and adequately represent the interests of the Class and have retained counsel competent and experienced in Class Action litigation.

20. Plaintiffs have no interests that are contrary to or in conflict with those of the Class.

21. A Class Action is superior to other available methods for the fair and efficient adjudication of this controversy under the acts described below. Given the nature of these claims, the expense and burden of individual litigation make it virtually impossible for the Class members individually to seek redress for the unlawful conduct

alleged.

22. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a Class Action.

23. Common questions of law and fact exist as to all members of the Class and predominate over any questions effecting solely individual members of the Class. Among the questions of law and fact, common to the Class:

    a. Whether Defendants' acts as alleged herein violated the ECPA and/or the CFAA.

    b. Whether Defendants participated in and pursued the concerted action or common course of conduct complained of;

    c. Whether Plaintiffs and members of the Class are entitled to statutory and punitive damages pursuant to the ECPA and/or the CFAA; and

    d. Whether Plaintiffs and members of the Class are entitled to injunctive relief.

24. Plaintiffs bring this action under Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to all members of the Class, thereby making final injunctive relief concerning the Class as a whole appropriate. In the absence of appropriate injunctive relieve, Defendants will continue to unlawfully violate the rights of Plaintiffs and the members of the Class by illegally intercepting, accessing and/or transmitting personal and private information and communications contrary to federal law. Defendants' uniform conduct towards Plaintiffs and the other members of the Class makes certification under Rules 23 (b)(2) appropriate.

25. Plaintiffs also bring this action under Rule 23(b)(3) because common questions of law and fact identified in paragraph 24 above predominate over questions of law and fact affecting individual members of the Class. Indeed, the

predominate issues in this class are whether Defendants are violating and have violated the law by the unauthorized, inappropriate and undisclosed remote interception and transmission of communications and information secretly obtained by computers rented, leased and/or sold to said Class members, and in the intentional unauthorized interception and use electronic and computer communications and information, including "screen shots," photographs and information (including keystrokes) relating to internet usage. Certification under Rule 23(b)(3) is appropriate because:

    a. by virtue of the secret nature of the spying device and software described in this complaint, individual class members may not be aware that they have been wronged and are thus unable to prosecute individual claims;

    b. concentration of the litigation concerning this matter in this Court is desirable;

    c. the claims of the representative Plaintiffs are typical of the claims of the member of the purported class;

    d. a failure of justice will result from the absence of a class action; and

    e. the difficulties likely to be encountered in the management of this class action are not great.

## SUBSTANTIVE ALLEGATIONS

26. Since at least 2007, and likely before, the Aaron's Defendants have secretly installed a spying device and/or software on Aaron's RTO computers. This device and/or software, including PC Rental Agent®, permitted the Aaron's Defendants to remotely and surreptitiously access, monitor, intercept, and/or transmit electronic communications, including, but not limited to, images of monitors or screens ("screen shots"), keystrokes, and images captured by the computers' respective cameras

7

("webcams").

27. PC Rental Agent® and other similar devices and software as referenced in this complaint, make possible such illegal, surreptitious, and unauthorized remote interception of protected communications.

28. PC Rental Agent® is manufactured, assembled, advertised and sold to the Aaron's Defendants by DesignerWare for the primary purpose of allowing the Aaron's Defendants to remotely track, access, monitor, monitor and/or transmit electronic communications on Aaron's RTO computers.

29. PC Rental Agent® is a device and/or software that is manufactured, advertised to be and is, in fact, invisible or undetectable to customers and to other end users of Aaron's RTO computers.

30. Upon information and belief, the PC Rental Agent® device is soldered into the motherboard and/or is part of the Intel Chipset. Therefore, it cannot be uninstalled or easily detected. It can only be deactivated using a "Wand" that is not accessible to the ultimate user of the rented computer.

31. PC Rental Agent® allows the Aaron's Defendants, DesignerWare and their agents to surreptitiously monitor, intercept and collect Plaintiffs' electronic communications from anywhere in the world.

32. It has been the practice and policy of the Aaron's Defendants to conceal from their customers their ability to remotely access, intercept and monitor customers' private, personal electronic communications, information, screen shots, keystrokes or images captured on webcams and to further disclose to consumers exactly the kinds of private information and images that can be and were routinely collected, transmitted and stored.

8

33. The Aaron's Defendants' sales, rental or lease agreements neither seeks permission from nor discloses to RTO customers the presence of PC Rental Agent® or its ability to monitor and intercept communications and other data from Aaron's RTO computers.

34. On March 25, 2011, Deborah McLean entered into a Consumer Lease Agreement with HPH for a "Dell Inspiron" laptop computer. The lease agreement provided that Deborah McLean would make installment payments totaling $483.46. See, Ex. 1, "Consumer Lease Agreement and Federal Consumer Leasing Act Disclosures".

35. On August 5, 2011, Deborah McLean entered into a second Consumer Lease Agreement with HPH for a "HP" laptop computer. The second lease agreement provided that Deborah McLean would make installment payments totaling $538.62. See, Ex. 2, "Consumer Lease Agreement and Federal Consumer Leasing Act Disclosures".

36. The lease agreements did not disclose that the Aaron's Defendants had installed a device which could monitor McLean and intercept her private communications or those of her authorized users of the computers, including her husband Plaintiff Eric McLean.

37. Plaintiff Deborah McLean has made all payments pursuant to the lease terms.

38. The computer leased by Plaintiff Deborah McLean, and being primarily used by Plaintiff Eric McLean, had repeated problems and failures and would "lock up" rendering Plaintiff Eric McLean unable to use the computer and repeatedly losing data. Plaintiff Eric McLean returned the computer to the Aaron's Defendants on three (3) separate occasions to have the computer repaired.

39. In August or September 2011, when the Aaron's Defendants returned the

repaired defective computer to Plaintiffs for the third time, Plaintiffs discovered in the computer a disc. A photograph of the disc is attached hereto as Ex. 3. As can be seen from the photo, it is a disc from the Defendant DesignerWare containing its spyware. The disc was not in the computer when Plaintiffs returned it to the Aaron's Defendants but was placed in the computer by the Aaron's Defendants and downloaded to Plaintiffs' computers.

40. Plaintiff Eric McLean called the Defendant HPH and asked about the spyware and was told by a representative of HPH that Aaron's did not use such spyware. Plaintiff Eric McLean informed the HPH representative he knew this was a false statement as he had the disc containing the spyware in his possession and obtained it from the computer returned to him by the Aaron's Defendants. The HPH representative then began demanding that Plaintiff Eric McLean return the disc immediately. Plaintiff Eric McLean refused.

## CAUSES OF ACTION

### C O U N T  I
**(Violation of the Electronic Communications Privacy Act, 18 U.S.C. § *2511*)**

41. Plaintiffs repeat and re-allege each and every allegation above as if fully set forth herein.

42. Defendants, either directly or by aiding, abetting and/or conspiring to do so, have intentionally intercepted and/or procured to be intercepted Plaintiffs' and Class members' electronic communications without Plaintiffs' or the Class members' knowledge, authorization, or consent in violation of 18 U.S.C. § 2511.

43. Defendants, either directly or by aiding, abetting and/or conspiring to do so, have also intentionally used and/or procured to be used a devise to intercept the

above-referenced electronic communications.

44.     Defendants, either directly or by aiding, abetting and/or conspiring to do so, have intentionally disclosed to another person, and/or used the contents of the above-referenced electronic communications.

45.     An "electronic communication" is defined in § 2510(12) as any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce.

46.     Defendants violated 18 U.S.C. § 2511(1)(a) by intentionally, collecting, gathering intercepting, endeavoring to intercept, transmit, procure, store any other person to intercept or endeavor to intercept Plaintiffs' and Class members' electronic communications.

47.     Defendants violated 18 U.S.C. § 2511(1)(c) by intentionally collecting, transmitting, storing and disclosing, or endeavoring to disclose, to any other person, the contents of Plaintiffs and Class members' electronic communications, knowing or having reason to know that the information was obtained through the interception of Plaintiffs' and class members electronic communications

48.     Defendants violated 18 U.S.C. § 2511(1)(d) by intentionally using or endeavoring to use, the contents of Plaintiffs' and class members' electronic communications, knowing or having reason to know that the information was obtained through the interception of Plaintiffs' electronic communications.

49.     Neither Plaintiffs nor class members authorized or consented to Defendants' interception of electronic communications.

11

50. Section 2520 of the ECPA provides for a private cause of action and allows for declaratory and equitable relief as appropriate and statutory damages of the greater of $10,000 or $100 a day for each day of violation, actual and punitive damages, and reasonable attorney's fees and costs.

51. Unless restrained and enjoined, Defendants have been and will continue to commit such acts. Plaintiffs' remedy at law is not adequate to compensate them for these inflicted and threatened injuries, entitling Plaintiffs and Class members to remedies including injunctive relief as provided by 18 U.S.C. § 2510.

### COUNT II
**(Violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2512)**

52. Plaintiffs, on behalf of themselves and the Class, hereby incorporate by reference the allegations contained in all of the preceding paragraphs of this complaint.

53. Defendants, either directly or by aiding, abetting and/or conspiring to do so, have intentionally manufactured, assembled, possessed, sold, and/or advertised a device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of electronic communications and that such device or advertisement relating to such device has been or will be sent through the mail or transported in interstate in violation of 18 U.S.C. § 2512.

54. An "electronic communication" is defined in § 2510(12) as any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system

55. Defendants violated 18 U.S.C. § 2512(1)(a) by intentionally sending and/or carrying through the mail or interstate commerce a device, knowing or having

12

reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of electronic communications.

56. Defendants violated 18 U.S.C. § 2512(1)(b) by intentionally manufacturing, assembling, possessing and/or selling a device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate commerce.

57. Defendants violated 18 U.S.C. § 2512(1)(c)(i) by intentionally advertising a device, knowing the content of the advertisement and knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of electronic communications, knowing the content of the advertisement and having reason to know that such advertisement will be sent through the mail or transported in interstate commerce.

58. Defendants violated 18 U.S.C. § 2512(1)(c)(ii) by intentionally advertising a device, where such advertisement promotes the use of such device for the purpose of the surreptitious interception of electronic communications, knowing the content of the advertisement and having reason to know that such advertisement will be sent through the mail or transported in interstate commerce.

59. Section 2520 of the ECPA provide for a private cause of action and allows for declaratory and equitable relief as appropriate and statutory damages of the greater of $10,000 or $100 a day for each day of violation, actual and punitive damages, and reasonable attorney's fees and costs.

60. Unless restrained and enjoined, Defendants have been and will

continue to commit such acts. Plaintiffs' remedy at law is not adequate to compensate them for these inflicted and threatened injuries, entitling Plaintiffs and Class members to remedies including injunctive relief as provided by 18 U.S.C. § 2510.

## COUNT III
### (Violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq.)

61. Plaintiffs, on behalf of themselves and the Class, hereby incorporate by reference the allegations contained in all of the preceding paragraphs of this complaint.

62. The Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA") as amended, makes it unlawful to intentionally access a protected computer or communication without authorization or by exceeding authorized access to such a computer, thereby obtaining information from such a protected computer, within the meaning of 18 U.S.C. § 1030(a)(2)(C).

63. Defendants violated 18 U.S.C. § 1030 by intentionally accessing Plaintiffs' and Class members' computers without authorization or by exceeding authorization, thereby obtaining information from such a protected computer.

64. The CFAA 18 U.S.C. § 1030(g) provides a civil cause of action to "any person who suffers damage or loss by reason of a violation of CFAA.

65. Plaintiffs' computers are a "protected computer . . . which is used in interstate commerce and/or communication" within the meaning of 18 U.S.C. § 1030(e)(2)(B).

66. The CFAA, 18 U.S.C. § 1030(a)(5)(A)(i) makes it unlawful to "knowingly cause the transmission of a program, information, code, or command and as a result of such conduct, intentionally cause damage without authorization, to a protected

14

computer," of a loss to one or more persons during any one-year period aggregating at least $5,000 in value.

67. Defendants violated 18 U.S.C. § 1030(a)(5)(A)(ii) by intentionally accessing Plaintiffs' and Class members' protected computers without authorization, and as a result of such conduct, recklessly caused damage to Plaintiffs' and Class members' computers by impairing the integrity of data and/or system and/or information.

68. Defendants violated 18 U.S.C. § 1030(a)(5)(A)(iii) by intentionally accessing Plaintiffs' and Class members' protected computers without authorization, and as a result of such conduct, caused damage and loss to Plaintiffs and Class members.

69. Plaintiffs and Class members suffered damage by reason of these violations, as defined in 18 U.S.C. § 1030(e)(8), by the "impairment to the integrity or availability of data, a program, a system or information."

70. Plaintiffs and Class members suffered damage by reason of these violations, as defined in 18 U.S.C. § 1030(e)(8), by the "reasonable costs . . . including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service."

71. Plaintiffs and Class members suffered damage by reason of these violations, including, without limitation, violation of the right of privacy, and disclosure of personal information that is otherwise private, confidential, and not of public record.

72. As a result of these takings, Defendants' conduct has caused a loss to one or more persons during any one-year period aggregating at least $5,000 in value in real

economic damages.

73. Plaintiffs and Class members have additionally suffered loss by reason of these violations, including, without limitation, the right of privacy.

74. Defendants' unlawful access to Plaintiffs' and Class members' computers and electronic communications has caused Plaintiffs and Class Members irreparable injury. Unless restrained and enjoined, Defendants will continue to commit such acts.

75. Plaintiffs' and Class members' remedy at law is not adequate to compensate them for these inflicted and threatened injuries, entitling Plaintiffs and class members to remedies including injunctive relief as provided by 18 U.S.C. § 1030 (g).

WHEREFORE, Plaintiffs Deborah and Eric McLean, and all members of the Class, requests judgment in their favor and against Defendants, jointly and severally, as follows:

  a. For an order certifying the Class under the appropriate provisions of Rule 23 and appointing Plaintiffs and their legal counsel to represent the Class;

  b. Awarding damages as provided by the Electronic Communications Privacy Act, including injunctive relief, declaratory relief, punitive damages and reasonable attorneys' fees and costs to counsel for the Class pursuant;

  c. Awarding damages as provided by the Computer Fraud and Abuse Act, including injunctive relief, declaratory relief, punitive damages and reasonable attorneys' fees and costs to counsel for the Class pursuant; and

  d. Granting such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs and the members of the Class hereby demand a trial by jury on all issues for which a right to jury trial exists.

Respectfully submitted,

**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**

*[signature]*

W. DANIEL "DEE" MILES, III (ASB-7656-M75W)
Dee.Miles@BeasleyAllen.com
WILLIAM E. HOPKINS, JR (*pro hac to be filed*)
Bill.Hopkins@BeasleyAllen.com
ANDREW BRASHIER (ASB-8974-A63B)
Andrew.Brashier@BeasleyAllen.com
Post Office Box 4160 (36103-4160)
272 Commerce Street
Montgomery, Alabama 36104
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

J.P. SAWYER (ASB-9326-A49J)
jps@sawyerfirm.com
127 E. College Street
Enterprise, Alabama 36330
Telephone: (334) 475-3213
Facsimile: (334) 649-3195

**ATTORNEYS FOR PLAINTIFFSS**

**Defendants can be served as follows:**

**Aaron's, Inc.**
**CSC-Lawyers Incorporation Service**
**150 South Perry Street**
**Montgomery, AL 36104**

**HPH Investments, LLC d/b/a Aaron's Sales and Leasing**
**c/o C. Alan Wright**
**Oakley, Wright & Hart, PC**
**1347 W. Main Street**
**Dothan, AL 36301**

**DesignerWare, LLC**
**c/o Timothy S. Kelly**
**108 Hutchinson**
**North East, PA 16428-1710**